UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LINDA CALDERA-BREDESON, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> UNITED STATES POSTAL SERVICE, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:21-cv-01620-GMN-NJK <br><br> **ORDER** |

Pending before the Court is Defendant United States Postal Service's ("Defendant's") Motion to Dismiss, (ECF No. 15). Plaintiff Linda Caldera-Bredeson ("Plaintiff") filed a Response, (ECF No. 19), to which Defendant filed a Reply, (ECF No. 23).

Also pending before the Court is Plaintiff's Motion to Extend Time for Service to July 12, 2022, (ECF No. 20). Defendant filed a Response, (ECF No. 24), to which Plaintiff filed a Reply, (ECF No. 25).

For the reasons discussed below, the Court **DENIES** Defendant's Motion to Dismiss and **GRANTS** Plaintiff's Motion to Extend Time for Service to July 12, 2022.

I.  **BACKGROUND**

This case arises from Plaintiff's alleged slip and fall at a United States Postal Service ("USPS") office in 2019. (*See generally* Compl., ECF No. 1). Plaintiff filed her Complaint on September 1, 2021. (*Id.*). Federal law governs service of process on Defendant, a federal agency. 39 U.S.C. § 409(b). Fed. R. Civ. P. 4(i) sets forth specific requirements for serving the United States Government and its agencies. Rule 4(i) requires that a plaintiff either "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" or mail the summons and complaint to the civil-process clerk at the

United States Attorney's Office. Fed. R. Civ. P. 4(i)(1)(A).  A plaintiff must also send a copy of the summons and complaint to the United States Attorney General. Fed. R. Civ. P. 4(i)(1)(B).

On October 27, 2021, Plaintiff served the United States Attorney's Office for the District of Nevada. (Aff. Service, ECF No. 5).  On October 28, 2021, Defendant sent Plaintiff a letter requesting an affidavit of service reflecting service on USPS. (October 28, 2021, Letter at 1, Ex. A to Mot. Dismiss ("MTD"), ECF No. 15-1).  Six months later, on April 28, 2022, Plaintiff's counsel responded to Defendant's letter, inquiring about whether anyone responded. (April 28, 2022, Letter at 1, Ex. B to MTD, ECF No. 15-2).

On April 29, 2022, Plaintiff filed an *Ex Parte* Motion to Extend Time to Serve Pursuant to Fed. R. Civ. P. 4(i)(4)(a), (ECF No. 7), which the Court subsequently granted on May 2, 2022. (Min. Order, ECF No. 9).  Pursuant to this Order, Plaintiff was given until May 6, 2022, to complete service. (*Id.*).  On May 2, 2022, Plaintiff served the summons and Complaint on Defendant, (Summons, ECF Nos. 11, 14), but did not complete all the necessary steps to effectuate service of process until July 12, 2022.  According to Plaintiff, this delay was attributable to a misunderstanding on how to complete service of process on Defendant, a federal agency, pursuant to Fed. R. Civ. P. 4(i).

Plaintiff completed the first two step of service upon a federal agency: service upon the local United States Attorney's Office for the district where the action is brought and the federal agency at issue, by May 2, 2022. (Resp. Mot. Extend Time 2:5–9) (acknowledging that Plaintiff completed the first two steps of service by May 2, 2022).  However, Plaintiff mistook service of process upon the local United States Attorney's Office as constituting service upon the United States Attorney General. (Mot. Extend Time 9:10–10:3, ECF No. 20).  As a result, Plaintiff did not complete the last step, service upon the United States Attorney General's office, until July 12, 2022. (Proof Service at 1, Ex. 1 to Resp. MTD, ECF No. 19-1).

///

On July 1, 2022, Defendant filed its Motion to Dismiss, (ECF No. 15), contending that Plaintiff's Complaint should be dismissed because of her failure to timely complete service of process. On July 22, 2022, Plaintiff filed Motion to Extend Time for Service to July 12, 2022. (ECF No. 20). As the outcome of these Motions hinge on whether the Court retroactively grants Plaintiff an extension of time to serve Defendant, the Court discusses both Motions below.

## II. LEGAL STANDARD

A defendant may move to dismiss for insufficient service of process. Fed. R. Civ. P. 12(b)(5). After an action is commenced, the plaintiff must serve the complaint on the defendant within ninety (90) days. Fed. R. Civ. P. 4(m). For a plaintiff who does not comply with the service deadline, Rule 4(m), provides two avenues for relief.

The first is mandatory: the court must extend for service upon a showing of good cause. "In the Ninth Circuit, a showing of good cause requires more than simply inadvertence, mistake of counsel, or ignorance of the rules." *Bonner v. Leon*, No. 2:13-cv-01858, 2013 WL 6693649, at *2 (D. Nev. Dec. 17, 2013) (citing *Nat'l Union Fire Ins. Co. v. Monroe*, No. 2:10-cv-00385, 2011 WL 383807, at *1 (D. Nev. Feb. 2, 2011). Instead, "courts generally equate 'good cause' with diligence." *Hoffman v. Red Wing Brands of America, Inc.*, No. 3:13-cv-00633, 2014 WL 4636349, at *4 (D. Nev. Sept. 16, 2014) (quoting *Bonner*, 2013 WL 6693649, at *2).

The second is discretionary: "if good cause is not established, the district court *may* extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (emphasis added). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test []" based upon *Pioneer Invs. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380 (1993), and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997). *Hoffman*, 2014 WL 4636349, at *4. The equitable test requires examinations of: "(1) the danger of prejudice to the opposing

party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id*. (internal quote marks and citations omitted).  "Those four enumerated factors are not exhaustive however," and "[i]n some circumstances, the prejudice a denial would cause to the movant must also be considered, but it is not a fact that must be assessed in each and every case." *Johnson v. Berndt*, No. 2:20-cv-00150, 2022 WL 1016614, at *2 (D. Nev. Apr. 5, 2022) (citation omitted).

**III.     DISCUSSION**

    **A.  Mandatory Extension of Time**

Beginning with the mandatory avenue for relief, the Court finds that Plaintiff's counsel has failed to establish good cause warranting a mandatory extension of time under Rule 4(m). Plaintiff's offers two reasons why good cause exists: (1) any delay was caused by Plaintiff's counsel's good faith "negligence or omissions caused by carelessness" in adhering to Rule 4(i); and (2) any delay is excusable because Plaintiff completed service upon Defendant under Fed. R. Civ. P. 4(i) on July 12, 2022. (Mot. Extend Time 6:5–10:10).

As to the former justification, "[c]ounsel's mistake or oversight does not constitute good cause for an extension of time under Rule 4." *Rodriguez v. Pfeiffer*, No. 1:21-cv-00572, 2022 WL 686454, at *2 (E.D. Cal. Mar. 8, 2022); *see Johnson v. Mao Ge Bascom LLC*, No. 16-cv-04169, 2017 WL 2572593, at *2 (N.D. Cal. June 14, 2017) ("Courts have dismissed suits for insufficient service of process where the party defending service was not diligent, even after learning of the defective service . . . ; where counsel simply forgot about the time limits for service of process . . . ; and where counsel made no attempt to serve the summons and complaint during the time for service[.]") (internal citations omitted).  Indeed, the rule within the Ninth Circuit is that "a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the rules." *Bonner*, 2013 WL 6693649, at *2.  Accordingly, ///

any inadvertence, mistake by Plaintiff's counsel, or ignorance of the rules fails to demonstrate good cause.

As to Plaintiff's latter justification, the mere fact that Plaintiff now completed service explains neither why it took an additional sixty-seven days to complete service, nor why such a delay should be excused. (Resp. MTD 2:11–19, ECF No. 19). Further, "[t]he fact that Defendant was eventually served does not repair the defect." *Bradford v. Slayton*, No. 6:19-cv-02073, 2021 WL 1341855, at *2 (D. Or. Apr. 9, 2021) (citing *Senn v. City of Portland*, No. 3:18-cv-01814, 2019 WL 3577662, at *2, 4 (D. Or. Aug. 6, 2019) (finding no good cause or excusable neglect to justify extending the time for service under Rule 4 when the defendants were belated serving 178 and 196 days after the filing of the complaint). Accordingly, Plaintiff has failed to establish good cause warranting a mandatory extension of time under Rule 4(m).

**B. Permissive Extension of Time**

Turning to the permissive avenue of relief, however, the Court concludes that Plaintiff has shown excusable neglect. As stated, excusable neglect generally depends on four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Hoffman*, 2014 WL 4636349, at *4. Further, "in some circumstances, the prejudice a denial would cause to the movant must also be considered, but it is not a fact that must be assessed in each and every case." *Johnson*, 2022 WL 1016614, at *2 (citation omitted). The Court will begin by considering the danger of prejudice faced by Plaintiff and Defendant.

*1. Danger of Prejudice*

Plaintiff asserts she will be "severely prejudiced" if the Court denies "her countermotion to extend time" because her personal injury claims that underly this suit would be barred by the applicable statute of limitations. (Reply Mot. Extend Time 4:22–5:8, ECF No. 25); (*see* Mot. Extend Time 14:3–9). In response, Defendant acknowledges that it "does not yet have specific

evidence of prejudice resulting from the extended delay" in service but nevertheless maintains that "the increased risk of faded memories and stale evidence" caused by Plaintiff's delay "justifies dismissal." (Resp. Mot. Extend Time 4:25–27).

In this case, both parties identify a cognizable risk of prejudice. For Plaintiff, a determination by this Court that an extension of time is not warranted, and that dismissal is appropriate, would result in her underlying cause of action being time-barred by the applicable statute of limitation. *See Sobhani v. United States*, No. 14-cv-6022, 2015 WL 3407702, at *4 (C.D. Cal. May 27, 2015) ("Where a dismissal without prejudice would severely prejudice a plaintiff because the statute of limitations would bar its claim, relief may be appropriate.") (citation omitted); *Mann v. Am. Airlines*, 324 F.3d 1088, 1091 (9th Cir. 2003) ("Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action."); *but see Tate v. Hernandez*, No. 19-cv-5089, 2021 WL 2043219, at *3 (D. Ariz. Apr. 29, 2021) (finding no excusable neglect where the plaintiff failed to show the defendant had notice of the suit and identified no prejudice "beyond the ordinary loss of his claim for damages as a result of the statute of limitations"). Denying Plaintiff's Motion to Extend Time would effectively be a dismissal with prejudice.

In contrast, for Defendant, Plaintiff's delay in service has potentially hindered its ability to defend itself by increasing the risk of unavailable witnesses, faded memory, and loss of physical evidence. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delays inherently increases the risk that witnesses' memories will fade and evidence will become stale."); *Cota v. Carrows Restaurants, LLC*, No. 20-cv-1428, 2022 WL 2119124, at *4 (S.D. Cal. June 13, 2022) (observing that the plaintiff's delay in service prejudiced the defendant by increasing the risk of "unavailable witnesses, faded memory, or loss of physical evidence"); *Barker v. Wingo*, 407 U.S. 514, 521 (1972) (recognizing that delays in litigation may result in witness unavailability or faded memory"). However, at this point, Defendant

concedes it "does not yet have specific evidence of prejudice resulting from the extended delay." (Resp. Mot. Extend Time 4:25–27). Thus, Defendant's identified prejudice remains speculative at this point.

In balancing the two forms of prejudice identified by the parties, Plaintiff's predominates. It is undisputed that Plaintiff's claim will be time-barred if the Court denies her Motion to Extend Time, whereas Defendant's proffered prejudice remains to materialize. Further, Defendant's loss of a procedural victory is not sufficiently prejudicial to deny Plaintiff's relief. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) ("At most, they would have won a quick but unmerited victory, the loss of which we do not consider prejudicial."); *Vertin v. Goddard*, No. 11-cv-01167, 2013 1932810, at *3 (D. Ariz. May 8, 2013) ("Although Defendants would prefer to avoid litigation on the merits by having the claims dismissed, Defendants' loss of a 'quick victory is not sufficiently prejudicial to deny [the plaintiff] relief.") (quoting *Trueman v. Johnson*, No. 09-cv-2179, 2011 WL 6721327, at *3 (D. Ariz. Dec. 21, 2011)). Accordingly, the danger of prejudice weighs in favor of finding excusable neglect.

### 2. *Length of the Delay and Impact*

"[Rule] 4(m) encourages efficient litigation by minimizing the time between commencement of an action and service of process." *Hopscotch Adoptions, Inc. v. Kachadurian*, No. 09-cv-2101, 2010 WL 5313514, at *1 (E.D. Cal. Dec. 20, 2010) (quoting *Elec. Specialty Co. v. Rd. & Ranch Supply, Inc.*, 967 F.2d 309, 311 (9th Cir. 1992) (addressing former Fed. R. Civ. P. 4(j))). Courts have found excusable neglect when the delay in service was "minimal." *See, e.g.*, *Garcia v. Cty. of San Diego*, No. 15-CV-189, 2016 WL 11621400, at *3 (S.D. Cal. Mar. 22, 2016) (exercising discretion to extend service for a four-day delay); *Tyson v. City of Sunnyvale*, 159 F.R.D. 528, 530–31 (N.D. Cal. 1995) (exercising discretion to extend service for a one-day delay); *Strange v. Eastman Outdoors, Inc.*, No. 2:14-cv-1735,

2015 WL 12672696, at *2 (E.D. Cal. May 13, 2015) (exercising discretion to extend service for a 43-day delay).

Here, Plaintiff's sixty-seven delay was not minimal. However, the "Ninth Circuit has affirmed district courts when granting extensions for service months after the initial deadline." *James v. County of Sacramento*, No. 2:18-cv-00180, 2022 WL 2533484, at *4 (E.D. Cal. July 7, 2022); *see Lemoge*, 587 F.3d at 1198 (9th Cir. 2009) (holding relief under Rule 4(m) was appropriate even though service was untimely by multiple months). Therefore, while the delay weighs against Plaintiff, it is not extraordinary.

### 3. Reason for Delay

Plaintiff contends the reason for delay is attributable to the earlier withdrawal of counsel. It was during her counsel's withdrawal on April 29, 2022, that Plaintiff's current attorneys "discovered (while preparing to seek default) that service had not been properly effected." (Mot. Extend Time 9:7–15). In response, Defendant points out that Sandy Van, Plaintiff's current counsel, "has been listed as counsel of record in this case from its inception," and therefore should have been aware of any deficiencies in the execution of service of process. (Resp. Mot. Extend Time 3:10–3:11). Defendant further contends that Plaintiff's proffered reason does not explain her delay in completing service of process. (*Id*. 5:13–21).

"Analysis for the reason for a delay includes 'whether it was within the reasonable control of the movant.'" *Tung Tai Grp. v. Oblon*, No. 08-cv-5370, 2010 WL 2681962, at *3 (N.D. Cal. July 6, 2010) (quoting *Pioneer*, 507 U.S. at 395). Here, Plaintiff's delay falls squarely within her control. First, as Defendant points out, despite the withdrawal of counsel, Plaintiff's current counsel has been listed as counsel of record in this case from its inception. (Resp. 3:10–3:11). It is Plaintiff's counsel's responsibility to manage deadlines and "litigants are bound by the conduct of their attorneys, absent egregious circumstances," which have not been established here. *Wei*, 763 F.2d at 372 (internal citations omitted). Second, even assuming

that the withdrawal of counsel is an adequate reason for a delay, Plaintiff does not explain why a sixty-seven delay is reasonable. Indeed, Plaintiff's *Ex Parte* Motion to Extend Time, (ECF No. 7), filed the same day Plaintiff filed her Notice of Dissociation of Counsel, (ECF No. 6), only requested an additional "seven (7) days from the date of" the date of the *Ex Parte* Motion, or May 6, 2022, to complete service of Defendant. (*Ex Parte* Mot. Extend Time 4:15–17, ECF No. 7). It is unclear to the Court why the withdrawal of counsel should now be considered a sufficient reason to excuse Plaintiff's sixty-seven-day delay until July 12, 2022, when Plaintiff's counsel represented to the Court that it could remedy any issue caused by this withdrawal by May 6, 2022. (*Id*.). Accordingly, Plaintiff's counsel's oversight and proffered justification does not favor a finding of excusable neglect. *See Mumpower v. England*, 292 Fed. App'x 567, 567 (9th Cir. 2008) (finding that the plaintiff's counsel's failure to review the Federal Rules of Civil Procedure did not excuse delayed service).

### 4. Good Faith

Here, Defendant does not contend that Plaintiff's "conduct was the result of 'deviousness or willfulness.'" (Reply MTD 5:23–27) (internal citation omitted). The Court agrees. The circumstances do not give rise to the conclusion that "Plaintiff . . . acted in bad faith, as opposed to simply being ineffective" in effectuating service of process. *Goff v. Rode*, No. 20-cv-1284, 2022 WL 706780, at *2 (D. Ariz. Feb. 8, 2022).

### 5. Totality of the Circumstances

As stated, Plaintiff has not established good cause for this delay. However, the Court is still free to use its discretion. The length and reason of delay weighs against Plaintiff, but there is little to no evidence this delay has prejudiced Defendant beyond the mere existence of the delay itself. On the other hand, dismissal would prejudice Plaintiff, namely the ultimate prejudice of preventing re-filing of the claim. Given the substantial prejudice that would arise from denying Plaintiff's Motion and granting Defendant's, the Court finds that the totality of

the circumstances favor retroactively granting Plaintiff an extension of time until July 12, 2022, to complete service of process. Accordingly, Plaintiff's Motion to Extend Time is GRANTED and Defendant's Motion to Dismiss is DENIED.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 15), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time, (ECF No. 20), is **GRANTED** *nunc pro tunc*.

**DATED** this __13__ day of March, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT